**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DAVID LAMAR HARPER,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| **WILLIAM PATRICK ADAMS, SHARELL FINCHER LEWIS, REBECCA L. GRIST, TIMOTHY T. MOORE, LEE W. ROHRBACH, and DAVID JOHN DAVIS,** | **5:21-cv-00405-TES** |
| *Defendants.* | |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

---

*Pro se* Plaintiff David Lamar Harper initiated this 42 U.S.C. § 1983 action against various state actors for their alleged involvement in his arrest, conviction, and eventual incarceration. *See generally* [Doc. 1]. At this point in the proceedings, all named Defendants have moved to dismiss the claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* [Doc. 3]; [Doc. 13]; [Doc. 24]. Defendants argue that Plaintiff's claims are barred by the statute of limitations, the doctrine expressed in *Heck v. Humphrey*, 512 U.S. 477 (1994), and/or the applicable immunity doctrines. For the reasons discussed in detail below, the Court agrees. Accordingly, the Court **GRANTS** Defendant Adams's Motion to Dismiss [Doc. 3]; Defendants Davis,

Moore, and Rohrbach's Motion to Dismiss [Doc. 13]; and Defendants Lewis and Grist's

Motion to Dismiss [Doc. 24].

## FACTUAL BACKGROUND

The Court takes the following facts from Plaintiff's Complaint. Unless otherwise

noted, the Court assumes these facts to be true for the purpose of ruling on the pending

Motions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). This action arises from a

series of events that unfolded on March 12, 2014. [Doc. 1, p. 6]. On that date, Plaintiff

represents that he was working as a bail recovery agent interested in capturing a

fugitive. [*Id.*]. Pursuant to this interest, Plaintiff entered someone else's home—

specifically, the home of Tina McDaniel—via a rear door to the garage. [*Id.*]. In response

to Plaintiff's entry into her home, McDaniel contacted the Bibb County Sheriff's

Department. [*Id.*]. Sergeant Timothy Moore arrived at the scene and instructed

McDaniel to report the incident as a criminal trespass. [*Id.*]. The next day, Officer Justin

Leese arrived at McDaniel's home and officially made an incident report citing Plaintiff

for criminal trespass. [*Id.*]. Then, on March 14th, Deputy Lee W. Rohrback issued a

warrant for Plaintiff's arrest based on information supplied to him by Sergeant Moore.

[*Id.*]. Plaintiff was arrested for criminal trespass and causing damage to McDaniel's

property. [*Id.*].

On June 24, 2015, Judge William Adams presided over Plaintiff's criminal trial

for trespassing. [*Id.* at p. 5]. Plaintiff alleges that the charges against him were invalid

and that someone influenced his witnesses not to appear in court. [*Id.* at p. 6]. At trial, a jury convicted Plaintiff on two counts of trespassing. [*Id.*]. Plaintiff appealed his convictions to the Georgia Court of Appeals and the Georgia Supreme Court. [*Id.* at p. 6]. He alleges that "the decisions of the courts were erroneous [sic] violating criminal procedure and due process[.]" [*Id.*]. On November 13, 2018, Plaintiff was incarcerated at the Bibb County Jail in Macon, Georgia, to serve out his sentences. [*Id.*].

Nearly three years after the date of his incarceration, Plaintiff sued Defendants for unspecified violations of his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *See generally* [Doc. 1]. The Court sets out the specific allegations brought against each Defendant below.

As to Sergeant Moore, Plaintiff claims that he (1) "violated criminal procedure"; (2) "conspire[d] to commit false imprisonment under the color of legal process"; (3) "instructed [McDaniel] to make a false 911 call . . ."; (4) "improperly obtained a case number"; (4) "fabricated probably [sic] cause"; (5) "improperly identified [him]"; (6) "tampered with evidence"; (7) "influenced witnesses"; and (8) "remained anonymous (not testifying for the State)." [*Id.* at p. 4].

As to Officer Rohrbach, Plaintiff claims that he (1) "violated criminal procedure"; (2) "falsified an incident report and warrant"; and (3) committed perjury. [*Id.* at pp. 4–5].

As to McDaniel, Plaintiff claims that she (1) "[c]onspir[ed] to commit false

3

imprisonment under the color of legal process"; (2) "falsified a 911 call"; (3) "tampered with evidence"; (4) "influenced witnesses"; and (5) "committed perjury on the stand." [*Id.* at p. 5].

As to (then) Chief Assistant General Solicitor Lewis, Plaintiff claims that she (1) "conspir[ed] to commit false imprisonment under the color of legal process"; (2) "violated criminal procedure"; (3) "created and prosecuted two invalid accusations"; (4) "influenced witnesses"; (5) "tampered with evidence"; (6) and "subordination [sic] to perjury." [*Id.*]. Relatedly, Plaintiff brings claims against Solicitor General Rebecca Grist on the ground that she is responsible for Lewis's actions and "his illegal prosecution." [*Id.*].

As to Judge Adams, Plaintiff claims that he (1) "violat[ed] criminal procedure"; (2) "presided over the case having no jurisdiction[]"; (3) "[d]id not provide[] checks and balances[]"; (4) "[a]llowed [m]ultiple crimes to take place[]"; and (5) "sentence[d] beyond the guidelines to attack [b]ail [r]ecovery [l]aw." [*Id.*].

And lastly, Plaintiff claims that Sheriff Davis was responsible for the deputy officers involved in this action, and he allowed them "to commit crimes and stage crime scenes." [*Id.*]. As a result, he alleges that Sheriff Davis committed multiple violations of criminal procedure. [*Id.*].

## **LEGAL STANDARD**

When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in

the complaint as true. *Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In fact, a well-pled complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations omitted).

Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough*, 907 F.3d at 1333 (citation omitted). To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *Id.* The first step is to identify the allegations that are "no more than mere conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Furthermore, a complaint attacked by a 12(b)(6) motion is subject to dismissal when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "A plaintiff must plead more than labels

and conclusions or a formulaic recitation of the elements of a cause of action."
*McCullough*, 907 F.3d at 1333 (internal quotations omitted); *see also Twombly*, 550 U.S. at
555. "To be sure, a plaintiff may use legal conclusions to structure his complaint, but legal
conclusions 'must be supported by factual allegations.'" *McCullough*, 907 F.3d at 1333
(quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a motion to dismiss, must take
all of the factual allegations in the complaint as true; they are not bound to accept a legal
conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify
conclusory allegations and then discard them—not 'on the ground that they are
unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the
presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss is not whether the
claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence
to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds
by Davis v. Scheuer*, 468 U.S. 183 (1984). The factual allegations in a complaint "must be
enough to raise a right to relief above the speculative level" and cannot "merely create[]
a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 545, 555. Finally,
complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will
not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
at 557) (alteration in original). Stated differently, the complaint must allege enough facts
"to raise a reasonable expectation that discovery will reveal evidence" supporting a

claim. *Twombly*, 550 U.S. at 556. With the foregoing standard in mind, and taking the facts asserted in Plaintiff's Complaint as true, the Court now rules on the pending dismissal motions.

## DISCUSSION

### A.    Plaintiff's § 1983 Claims are Time-Barred

All Defendants argue that Plaintiff's § 1983 claims for the various constitutional violations alleged against them are barred by Georgia's two-year statute of limitations for personal injury claims. Plaintiff disputes the application of a two-year statute of limitations, and instead asserts that the "[s]tatute of limitations is understood to be three years from the date of the incident." [Doc. 1, p. 7]. As an initial matter, § 1983 does not have its own statute of limitations. *Reynolds v. Murray*, 170 F. App'x 49, 50 (11th Cir. 2006) (citing *Owens v. Okure*, 488 U.S. 235, 236 (1989)). Rather, claims for constitutional violations brought under this statute are regarded as "tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). In Georgia, there is a two-year statute of limitations for personal injury actions, as set forth in O.C.G.A. § 9-3-33. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); *see also Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) (holding that "the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries[]").

7

Although the Court applies Georgia's two-year statute of limitations, "[t]he question of when the limitations period begins to run, however, is one of federal law." *Wright v. Walmart Inc.*, No. 1:19-cv-02580-SDG, 2020 WL 4938367, at *4 (N.D. Ga. Apr. 1, 2020) (quoting *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010)). Accordingly, the two-year statute of limitations for Plaintiff's constitutional claims begins to run "[when] the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) (citing *Lovett*, 327 F.3d at 1182). "It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." *McNair*, 515 F.3d at 1174 (quoting *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990)).

Plaintiff alleges that the statute of limitations on all claims in this action began to run on the date that he was incarcerated—November 13, 2018. *See* [Doc. 1, p. 7]. The Court easily rejects that premise. "[F]or statute of limitation purposes, each [§] 1983 claim is analyzed independently." *Merritt v. Thomas*, 1:21-CV-20 (LAG), 2021 WL5474461, at *2 (M.D. Ga. Sept. 23, 2021) (quoting *Coll. Hill Props., LLC v. City of Worcester*, 135 F.Supp.3d 10, 14 (D. Mass. 2015)). In this action, Plaintiff makes this task much more difficult because he failed to clearly set forth each claim he asserts against each Defendant in separate and numbered paragraphs. Nor does Plaintiff "specify which [D]efendants allegedly [are] responsible for each alleged act or omission and

which [D]efendants correspond[] to each claim." *Wells v. Royal Caribbean Int'l Cruises Ltd.*, No. 20-13378, 2021 WL 3047173, at *1 (11th Cir. July 20, 2021). As a result, some of Plaintiff's claims (those based on events that unfolded on the date he entered McDaniel's home) clearly accrued in March 2014.

For example, Plaintiff brings (unspecified) constitutional violations against Defendant Sergeant Moore for (1) his instruction to Defendant McDaniel to make a false 911 call; (2) violating criminal procedure (3) improperly identifying Plaintiff at the scene of the trespass; and (4) obtaining a case number against him. *See* [Doc. 1, p. 4]. All these alleged acts occurred in March 2014. *See generally* [*id.* at pp. 5–6]. Another example—Plaintiff brings (unspecified) constitutional violations against Defendant Officer Rohrbach for violating criminal procedure by falsifying an incident report and warrant. This alleged act also occurred in March 2014. *See* [*id.* at p. 6].

And many claims arise from alleged acts that occurred during Plaintiff's criminal trial before Judge Adams on June 24, 2015. Plaintiff brings claims against several Defendants for influencing witnesses during the trial, committing perjury on the stand, tampering with evidence, and violating criminal procedures. *See* [Doc. 1, pp. 4–5]. Therefore, the Court disagrees with Plaintiff's assertion that all claims accrued on November 13, 2018.

And, since Plaintiff knew or should have known that many of his claims accrued in either March 2014 or June 2015, his November 2021 Complaint comes to the Court

several years late. Thus, Georgia's two-year statute of limitations bars such claims.

However, even if the Court were to accept November 13, 2018 as the date when the relevant statute of limitations period began to run, it would still conclude that all claims in this action are time-barred. To take it back a step, by Plaintiff's own admissions, he knew of his injuries (at the latest) on November 13, 2018—the date on which he was incarcerated. Pursuant to Georgia's two-year statute of limitations, he should have filed any personal injury claims (his alleged constitutional violations) no later than November 13, 2020. However, Plaintiff did not file *any* claims arising from this incident until November 12, 2021—nearly one year too late. Therefore, Plaintiff's § 1983 claims for constitutional violations are time-barred unless there is some basis for the statute of limitations to be tolled.

Plaintiff argues that O.C.G.A. § 9-3-99 serves as that basis. In Georgia, this code section allows for the statute of limitations in a civil action to be tolled for actions brought by victims of a crime. "[T]he statute contemplates extending the time in which a victim may file a tort action where there are pending criminal charges arising out of the same facts or circumstances." *Williams v. Durden*, 819 S.E.2d 524, 525 (Ga. Ct. App. 2018) (citation omitted). In relevant part, O.C.G.A. § 9-3-99 states:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort

until the prosecution of such crime or act has become final or otherwise
terminated, provided that such time does not exceed six years . . .

O.C.G.A. § 9-3-99. First, the statute is very clear that tolling only applies to those tort actions brought *by the victim of an alleged crime.* Plaintiff claims that he was subject to a void criminal conviction/sentence. *See generally* [Doc. 20]; [Doc. 26, pp. 2–3]. He states that "the alleged crime occurred when the sentence was imposed against [him] in the criminal proceedings[]"—November 13, 2018. [Doc. 25, p. 2]; [Doc. 26, p. 3].

Relevant to this argument, Plaintiff states that he submitted a "Motion to Vacate a Void Sentence according to O.C.G.A. § 17-9-4 in Bibb County State Court[]" on November 8, 2018. [Doc. 25, p. 2]. When that motion was denied, Plaintiff appealed the denial to the Georgia Court of Appeals and then to the Georgia Supreme Court. [*Id.*]. On February 28, 2020, the Georgia Supreme Court denied the motion. [*Id.*]. As a result, he "requests[s] tolling (O.C.G.A. [§] 9-3-99) from the Writ of Certiorari to the Supreme Court of Georgia in regards to a *Motion to Vacate a Void Sentence* that was denied on February 28, 2020[]" because that would "extend[] the statute of limitations to February 28, 2022." [Doc. 20, p. 1]; *see also* [Doc. 21, p. 2].

While Plaintiff's argument can be fairly described as scattered and less than orderly, the Court concludes that the only relevant question to consider is whether Plaintiff has alleged sufficient facts to suggest that he was the victim of a crime. "[O.C.G.A. § 9-3-99] . . . tolls the statute of limitations for tort claims brought by crime victims if their claims arise from the commission of a crime." *Lavelle v. Williamson*, No.

11

5:21-CV-170 (MTT), 2021 WL 4442351, at *1 (M.D. Ga. Sept. 28, 2021). Here, Plaintiff claims to be the victim of a void and/or unlawful conviction in an underlying criminal action. But, under Georgia law, a void and/or unlawful conviction *is not a crime*. Plaintiff fails to direct the Court to any section within the Official Code of Georgia that establishes grounds for criminal liability on such a claim. Nor can the Court think of one. If a Georgia litigant wishes to take advantage of the tolling provision set forth in O.C.G.A. § 9-3-99, he must allege facts to suggest that a criminal statute was allegedly violated. *See e.g., Shaw v. Peach Cnty.*, No. 5:21-cv-00145, 2021 WL 4203233, at *5 (M.D. Ga. Sept. 15, 2021) (finding that the plaintiff alleged sufficient facts to show that he was the victim of an assault—a criminal offense); *Lavelle*, 2021 WL 4442351, at *3 (finding that the plaintiff alleged sufficient facts to show that he was the victim of assault and battery—criminal offenses). Here, Plaintiff accuses judges and prosecutors of committing various acts that he alone considers to be criminal. This is insufficient. Therefore, the Court concludes that Plaintiff has not alleged sufficient facts to show that he is the victim of a crime, and O.C.G.A. § 9-3-99 cannot toll the statute of limitations on his claims.

The analysis doesn't end there. O.C.G.A. § 9-3-99 is not Plaintiff's sole basis for arguing that the statute of limitations should be tolled in this action. In his Complaint, Plaintiff asks the Court to consider how the COVID-19 pandemic may have impacted

his ability to timely file suit on these claims. Unfortunately, Plaintiff does not cite any

legal basis for the Court to review when considering such a request.

While the Georgia Supreme Court did use its emergency powers[1] to issue several

orders that declared a statewide judicial emergency and extended the statute-of-

limitations deadlines due to the pandemic, such an extension still does not save

Plaintiff's claims. When the Georgia Supreme Court issued its third emergency

extension order, it declared that "[t]he 122 days between March 14 and July 14, 2020, or

any portion of that period in which a statute of limitation would have run, shall be

excluded from the calculation of that statute of limitation." Third Order Extending

Declaration of Statewide Judicial Emergency, Supreme Court of Georgia,

https://www.gasupreme.us/court-information/court_corona_info/ (June 12, 2020).

Additionally, the Georgia Supreme Court issued guidelines on how to understand the

tolling of statutes of limitations under the emergency orders. *See* Guidance on Tolling

Statutes of Limitation Under the Chief Justice's Order Declaring Statewide Judicial

Emergency, Supreme Court of Georgia, https://www.gasupreme.us/wp-

content/uploads/2020/04/Guidance-for-Tolling-Statutes-of-Limitation-04 06 20.pdf.

(Apr. 6, 2020). In relevant part, the Guidance Order states:

> The tolling of a statute of limitation suspends the running of the period of
> limitation, but it does not reset the period of limitation. If the period of
> limitation for a particular cause of action commenced prior to March 14,

---

[1] *See* O.C.G.A. § 38-3-61 (stating that "[a]n authorized judicial official is authorized to declare the existence of a judicial emergency").

13

2020—that is, if the "clock" had started to run before the entry of the Chief Justice's order—the running of the period of limitation was suspended on March 14, and the running of that period will resume when the tolling provision of the March 14 declaration has expired or is otherwise terminated.

*Id.* For purposes of this analysis, the Court will use November 13, 2018, as the date on which the statute of limitations period began to run for his claims.[2] This date occurred before the entry of the emergency extension orders. Therefore, the statute of limitations period ran from November 13, 2018 to March 14, 2020. On that date, the running of the period was suspended. This suspension did not lift until the declaration expired on July 14, 2020. "[Under] the clear language of the Emergency Order and Guidance Order, the time between March 14, 2020, and July 14, 2020, does not count towards the calculation for the running of statute of limitations." *Kennedy v. S. Univ.*, No. 4:21-cv-172, 2022 WL 628541, at *5 (S.D. Ga. Mar. 3, 2022). Under this framework, it appears that Plaintiff had an additional 122 days to pursue the claims set forth in this action. *See id.* However, Plaintiff filed this action on November 11, 2021, which is more than two years and 122 days from the most favorable possible date his alleged claims accrued. Accordingly, the Court must dismiss Plaintiff's § 1983 claims as time-barred.

### B.    Plaintiff's § 1983 Claims are Largely Barred by *Heck v. Humphrey*

Even if Plaintiff's claims were not time-barred by the applicable statute of

---

[2] The Court has already noted that many claims alleged in this action involve acts that occurred in March 2014 or June 2015. But, even if the Court were to accept Plaintiff's statement as true that all acts giving rising to the claims asserted in this action accrued on November 13, 2018, they are still be time-barred.

limitations, most of his claims would still be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). One of Plaintiff's main grievances in this action centers around his purported belief that his constitutional rights were violated when he was wrongfully convicted of criminal trespass. *See* [Doc. 1, p. 5 ("On November 13, 2018, [Plaintiff] was incarcerated at the Bibb County Jail under two criminal trespass statutes that [were] unconstitutionally prosecuted by State Court.")]. Relatedly, he takes issue with how the Georgia Court of Appeals and Georgia Supreme Court handled his case. *See* [*id.* at p. 6 ("Two appeals took place that went to both the Court of Appeals of Georgia and the Supreme Court of Georgia. The decisions of the courts were erroneous [sic] violating criminal procedure and due process, but most of all did not give the State Court the authority to impose sentences.")]. Plaintiff seeks damages under § 1983 for alleged injuries that may be related to his criminal conviction. As noted at the start of this discussion, the United States Supreme Court's holding in *Heck*, resolves such a claim.

In this well-known case, the Supreme Court held that:

> in order [for a § 1983 plaintiff] to recover damages for an allegedly unconstitutional conviction or imprisonment, imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [he] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. 477, 486–87 (1994). Here, Plaintiff has not alleged that his conviction has been overturned, reversed, expunged, or set aside. In fact, he admits that he appealed his

15

conviction to the Georgia Supreme Court and lost. As of today, his conviction stands.

Thus, he cannot proceed with his § 1983 claims.

## CONCLUSION

For the reasons discussed in detail above, the Court finds that Plaintiff's § 1983

claims are barred by the statute of limitations and/or *Heck*.[3] As a result, the Court

**GRANTS** Defendant Adams' Motion to Dismiss [Doc. 3]; Defendants Davis, Moore,

and Rohrbach's Motion to Dismiss [Doc. 13]; and Defendants Lewis and Grist's Motion

to Dismiss [Doc. 24]. Consequently, there are no claims remaining in this action.

Plaintiff's Motion to Toll the Statute of Limitations [Doc. 26][4] is **terminated**. The Clerk of

Court is **DIRECTED** to close this action.

---

[3] The Court notes that several of Plaintiff's claims are also barred by various immunity doctrines. For example, Plaintiff brings suit against Judge Adams for "presiding over [his criminal trial] having no jurisdiction." [Doc. 1, p. 5]. During the trial, Judge Adams apparently "[d]id not provide[] checks and balances[]" and "sentence[d]  beyond the guidelines to attack [b]ail [r]ecovery [l]aw." [*Id.*]. However, through these allegations, Plaintiff fails to state a claim against Judge Adams because he "enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). "Th[is] privilege applies even if the judge acts maliciously, fails to follow procedural rules or otherwise acts in error." *Mauldin v. Burnette*, 89 F.Supp.2d 1371, 1378 (M.D. Ga. 2000) (citing *Rolleston v. Eldridge*, 848 F.2d 163, 164–65 (11th Cir. 1988)). Since Plaintiff's claims against Judge Adams arise from actions that he took in his judicial capacity, the Court concludes that he is entitled to absolute judicial immunity. The Court finds it unnecessary to go into detail about the other applicable immunities. It easily finds that Plaintiff's § 1983 claims against solicitors Lewis and Grist are barred by the doctrine of absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Moncus v. Lasalle Management Co.*, LLC, 423 F.Supp.3d 1358, 1362 (M.D. Ga. 2019) (citing *Hart v. Hodges*, 587 F.3d 1288, 1294 (11th Cir. 2009)). And, it finds that Plaintiff's § 1983 claims against Sheriff Davis in his officially capacity are barred by the Eleventh Amendment. *Kemeness v. Worth Cnty.*, 449 F.Supp.3d 1318, 1323 (M.D. Ga. 2020) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)).

[4] Plaintiff's Motion to Toll the Statute of Limitations [Doc. 26] puts forth the same arguments in favor of tolling as those contained in his Response [Doc. 25] to Defendants Lewis and Grist's Motion to Dismiss. The Court already considered such arguments when issuing its ruling that Plaintiff's claims are time-barred.

**SO ORDERED**, this 24th day of March, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**